UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM E. FODOR,<br><br>    Plaintiff<br><br>v.<br><br>STATE OF NEVADA, et al.,<br><br>    Defendant | Case No. 2:23-cv-01999-JAD-NJK<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>ECF No. 22 |

On 3/6/25, the magistrate judge entered this report and recommendation:

> On October 31, 2024, the Court granted Plaintiff's request to stay proceedings in light of health issues, his imminent release from custody, and other issues. Docket No. 18. The Court ordered the parties to file a stipulation with new case management deadlines by January 29, 2025. *Id.* On January 29, 2025, Defendants filed a unilateral proposal explaining that their attempts to contact Plaintiff were not fruitful. Docket No. 20 at 1-2.
>
> On January 30, 2025, the Court rejected that unilateral proposal, explaining in pertinent part as follows:
>
>> If Plaintiff wishes to continue with this litigation, he must maintain proper contact information and must communicate with opposing counsel. To that end, <u>Plaintiff must immediately contact defense counsel regarding a schedule for advancing this case</u>. The parties must file a <u>joint</u> request to set new case management deadlines by February 21, 2025. <u>Plaintiff is cautioned that failure to comply with this order may result in dismissal</u>.
>
> Docket No. 21 at 1 (emphasis in original). The Court's deadline to file a joint case management proposal has come and gone, and Plaintiff has filed nothing further in the case.[1] Failure to comply

---

[1] Defense counsel was required to file a notice in the event Plaintiff continued to fail to communicate with him, Docket No. 21 at 1, which defense counsel did not do. Given that it is ultimately Plaintiff's responsibility to prosecute this case, *see* Fed. R. Civ. P. 41(a), and that the defense previously filed a proposal with new case management deadlines, Docket No. 20, the consequences for failing to comply with the order to file a joint case management proposal are appropriately borne by Plaintiff. Defense counsel is also admonished for failing to comply with the Court's order.

1

with a pretrial order may result in sanctions, including case-dispositive sanctions. *See, e.g.*, Fed. R. Civ. P. 16(f).

Plaintiff has disobeyed the Court's order requiring him to file a joint request for case management deadlines. Plaintiff's disobedience of the Court's order is abusive litigation practice that has interfered with the Court's ability to hear this case, delayed litigation, disrupted the Court's timely management of its docket, wasted judicial resources, and threatened the integrity of the Court's orders and the orderly administration of justice. Sanctions less drastic than dismissal are unavailable because Plaintiff has refused to comply with the order notwithstanding the warning that case-dispositive sanctions may be imposed. Indeed, it appears that Plaintiff has chosen to abandon this case.

Accordingly, in light of the circumstances outlined above, the undersigned **RECOMMENDS** that this case be **DISMISSED** without prejudice.

Dated: March 6, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

**ORDER ADOPTING REPORT AND RECOMMENDATION**

The deadline for any party to object to this recommendation was 3/20/25, and no party filed anything or asked to extend the deadline to do so. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Having reviewed the report and recommendation, I find good cause to adopt it, and I do. IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation **[ECF No. 22] is ADOPTED** in its entirety, **THIS CASE IS DISMISSED,** and the Clerk of Court is directed to **CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: March 21, 2025

2